```
DANIEL J. BRODERICK, Bar #89424
Federal Defender
MATTHEW C. BOCKMON, Bar #161566
Assistant Federal Defender
Designated Counsel for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorney for Defendant
DAVID GUIDRY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-S-00-427 LKK |
| Plaintiff, | No. CR-S-01-027 LKK |
| v. | **ORDER RE REQUEST FOR HEARING REGARDING STATUS OF MOTION FOR DISCHARGE OR CONDITIONAL RELEASE HEARING** |
| DAVID GUIDRY, | |
| Defendant. | Date: October 6, 2009<br>Time: 9:15 a.m.<br>Judge: Hon. Lawrence K. Karlton |

TO THE HONORABLE LAWRENCE K. KARLTON AND THE PARTIES HERETO:

David Guidry moves pursuant to 18 U.S.C. section 4247(h) for an Order of Discharge or Conditional Release. He also moves for his immediate release because this Court expressly limited any recommitment for hospitalization on a Not Guilty By Reason of Insanity verdict to a period of time Mr. Guidry has already served. This Motion is supported by the following Memorandum of Points and Authorities.

**Background**

On December 5, 1997, in U.S. District Court of Oregon, Mr. Guidry was found not guilty by reason of insanity for the charge of attempted rape. Mr. Guidry was subsequently committed to the custody of the Attorney General for hospitalization until such time as the director of

1  the facility in which he was hospitalized determined that he had
2  recovered from his mental disease and defect to such extent that his
3  release under a prescribed regimen of medical, psychiatric, or
4  psychological care or treatment, would no longer create a substantial
5  risk of bodily injury to another person or serious damage to the
6  property of another.

7  Mr. Guidry was released on August 10, 2000.  Within two weeks, he
8  committed a bank robbery in the Eastern District of California for
9  which this Court sentenced him to 96 months.  Evidently, this Court
10 also imposed judgment in the District of Oregon case as if it were a
11 related supervised release violation.

12 Following imposition of the 96 month sentence, the following
13 occurred in open court as set forth in the attached transcript.
14 (Exhibit A).

15 THE COURT:  (Honorable Lawrence K. Karlton) Defendant is
16 remanded to the custody of the marshal.
17 MR. TISE-RASKIN:  Your Honor, there is one additional matter,
18 if I may?
19 There is the pronouncement of the judgment in connection with
20 the companion case for violation of the petition.
21 THE COURT:  Court finds that the defendant violated and is
22 sentenced to whatever the maximum is to run concurrent.
23 THE DEFENDANT:  Thank you very much.
24 MR. TICE-RASKIN:  Thank you, your Honor.
25 MR. REICHEL:  Your Honor, before I finish though, the Court
26 said whatever the maximum may be to run concurrent.  The
27 maximum, that's my concern.
28 THE COURT:  Oh, if the maximum exceeds – it is 96 months.

Motion for Discharge                    -2-

1        MR. REICHEL:  Thank you, your Honor.

2   RT 4/23/2002, pp. 8:5 - 9:14.

3

4        "He was then recommitted under Title 18, U.S.C., Section
         4243(e), to MCFP in Springfield, Missouri on October 8,
5        2002."

6        See Risk Assessment Review Report p.1, February 25, 2009

7   (Exhibit B).

8
         After completing his bank robbery sentence,
9
                    Mr. Guidry was particularly preoccupied
10                  with his commitment, insisting that his
                    sentence had expired and that he was
11                  supposed to be released. Although it was
                    explained to him on multiple occasions
12                  that he was committed under 18 U.S.C.
                    4243, Mr. Gruidry did not appear to
13                  understand.

14                              ****

15                  Ultimately, his agitation led to his
                    placement in the locked mental health
16                  unit, where he was heard angrily ranting
                    about members of the Risk Assessment
17                  Panel, who he accused of "fucking with my
                    release date."
18

19       <u>Id.</u> p.3.

20       The February 25, 2009, Risk Assessment Review Report recommends to

21  this Court that the patient [Mr. Guidry] continue to be committed under

22  18 U.S.C. 4243(e).  <u>Id.</u> p.6.

23  **Discussion**

24       Mr. Guidry has a statutory right, under 18 U.S.C. § 4247(h), for a

25  discharge hearing.  Section 4247(h) provides that "counsel for the

26  [hospitalized] person or his legal guardian may, at any time during

27  such person's hospitalization, file with the Court that ordered that

28  commitment a motion for a hearing to determine whether the person

Motion for Discharge                -3-

should be discharged from such facility. . ." <u>United States v. Budell</u>, 187 F.3d 1137 (9th Cir. 1999).

Mr. Guidry hereby requests a discharge hearing before this Court as soon as possible. Mr. Guidry further requests clarification of this Court's judgment running his bank robbery sentence and recommitment concurrently.

**Conclusion**

Mr. Guidry's Motion for Discharge or Conditional Release Hearing should be granted.

WHEREFORE, defendant prays for his discharge from the custody of the Attorney General and for such other relief to which he may be entitled.

Dated: August 31, 2009                    Respectfully submitted,

                                          DANIEL J. BRODERICK
                                          Federal Defender

                                          /s/ Matthew C. Bockmon
                                          _____
                                          MATTHEW C. BOCKMON
                                          Assistant Federal Defender
                                          Attorney for Defendant
                                          DAVID GUIDRY

**O R D E R**

IT IS HEREBY ORDERED that Defendant David Guidry, Register No. 85957-011, be brought before this court on whether or not he should continue to be held by the Attorney General of the United States or whether Defendant Guidry should be discharged or granted conditional release.

Dated: September 2, 2009

                                          _____
                                          LAWRENCE K. KARLTON
                                          SENIOR JUDGE
                                          UNITED STATES DISTRICT COURT

Motion for Discharge                      -4-

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Federal Defender for the Eastern District of California and am a person of such age and discretion as to be competent to serve papers.  On **August 31, 2009**, I served a true and correct copy of the attached:

*Request for Hearing Regarding Status of Motion for Discharge or Conditional Release Hearing* by depositing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail, at Sacramento, California, addressed as follows:

```
              MCFP Springfield
              Director
              Medical Center/Federal Prisons
              P.O. Box 4000
              Springfield, MO 65801
```

I declare under penalty of perjury the foregoing is true and correct to the best of my knowledge.  Executed this 31st day of August, 2009, Sacramento, California.

/s/ *Veronica Orozco*
_____
Veronica Orozco
Legal Secretary