UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>    v.<br><br>DAVID GUIDRY,<br>Reg. No. 85957-011<br><br>    Respondent. | No. 2:01-cr-00027 JAM<br><br>**ORDER OF CONDITIONAL RELEASE** |

By order dated April 23, 2002, respondent was committed to the custody of the Attorney General pursuant to the provisions of 18 U.S.C. § 4243. The Warden at the United States Medical Center for Federal Prisoners ("USMCFP") in Springfield, Missouri has now certified to the court, pursuant to 18 U.S.C. § 4243, that respondent has recovered from his mental disease or defect to such an extent that his conditional release under a prescribed regiment of care and treatment would no longer create a substantial risk of bodily injury to another person or serious damage to the property of another. Therefore, it is hereby ORDERED, pursuant to the provisions of 18 U.S.C. § 4243, that respondent be conditionally released under the following specific

conditions or regiment of care:

    1.   Mr. Guidry shall reside at a preapproved residence. He shall remain at said residence at the direction of the U. S. Probation Officer. Any change from this residence shall be approved by the U. S. Probation Officer in advance.

    2.   Mr. Guidry shall be supervised by U. S. Probation and follow all instructions given by the supervising probation officer.

    3.   Mr. Guidry shall actively participate in, and cooperate with, a regimen of mental health care and psychiatric aftercare as directed by the U. S. Probation Officer and administered by the treating mental health provider. This is to include his voluntary admission to an inpatient facility for stabilization should it be deemed necessary. He shall follow all the rules, regulations and instructions of the treatment staff and comply with the treatment regimen recommended.

    4.   Mr. Guidry shall continue to take his medications, including injectable units, as prescribed for him by the medical provider.

    5.   Mr. Guidry shall waive his rights to confidentiality regarding his mental health treatment in order to allow sharing of information with the supervising U. S. Probation Officer and other mental health treatment providers, who will assist in evaluating his ongoing appropriateness for community placement.

    6.   Mr. Guidry shall refrain from the use of alcohol and illegal possession/use of drugs, and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that Mr. Guidry shall submit to alcohol/drug aftercare

treatment, on an outpatient or inpatient basis, if directed by the U. S. Probation Office. Mr. Guidry shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged with the approval of the U. S. Probation Office.

7. Mr. Guidry shall not have in his possession at any time real or imitation firearms, destructive devices or other deadly weapons and he shall not write, say or communicate threats. He shall submit to a warrantless search on request of his probation officer or any law enforcement officer of his property for the purpose of determining compliance with this order and shall permit confiscation of any such contraband.

8. Mr. Guidry shall not commit a federal, state or local crime, and must immediately notify his U.S. Probation Officer if he is arrested or questioned by any law enforcement officer. He shall not associate with any person convicted of a felony unless granted permission to do so from his U.S. Probation Officer.

9. Mr. Guidry is prohibited from operating, possessing, or purchasing a motor vehicle without written permission from his U.S. Probation Officer. He may not travel outside the "local area" as that area specifically is defined by the U.S. Probation Officer, except with the prior approval of that officer.

10. Mr. Guidry shall agree to undergo serum blood level screening as directed by the treating physician, to ensure a therapeutic level of medication is maintained.

11. Mr. Guidry shall report to the probation officer as directed by the court or probation officer, shall submit a truthful and complete written report within the first five days of each month, and shall follow the instructions of the probation

3

officer.

12. Mr. Guidry shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

13. Mr. Guidry shall notify third parties of risks that may be occasioned by his criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm his compliance with such notification requirement.

14. Mr. Guidry shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

Respondent's failure to adhere to any of the conditions of his release may result in his being taken into custody and brought before this court for review of his suitability for conditional release.

It shall be the duty and responsibility of the medical provider to promptly notify the U.S. Probation Officer of any changes in the prescribed regimen of medical or psychiatric care, including any failure by respondent to cooperate or comply with medication or other requirements of the conditions listed above.

The medical provider or U.S. Probation Officer may at any time recommend modification or elimination of the regiment of medical, psychiatric or psychological care or treatment, upon certification to this court that to do so would not create a substantial risk of bodily injury to another person or serious damage to the property of another. If a request to modify or

4

terminate the conditions of release is made, the party so requesting shall submit a motion with adequate documentation supporting the request to this court, with copies to the U.S. Probation Officer, the office of the United States Attorney, the respondent's counsel, and the Warden of USMCFP.

Pursuant to U.S.C. § 4243, the U.S. Probation Officer shall file annual reports with the Court, with copies to the United States Attorney, respondent's counsel, and the Warden of USMCFP.

Upon receipt and verification of a Court Order with Conditions of Release, and prior to the actual date and time of release, the Bureau of Prisons shall notify the appropriate persons to schedule an arrival date, finalize the release paperwork, make transportation arrangements, arrange the initial appointment for mental health aftercare and contact the assigned U.S. Probation Officer. The U.S. Probation Officer shall notify the court of the actual release date from USMCFP. The Bureau of Prisons shall release respondent on the date agreed to, after all release arrangements are satisfactory and complete.

IT IS SO ORDERED.

Dated: April 12, 2017.

JOHN A. MENDEZ
United States District Judge