McGREGOR W. SCOTT
United States Attorney
MICHAEL D. ANDERSON
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:01-CR-0027 JAM |
|---|---|
| Plaintiff, | FINDINGS AND ORDER REVOKING CONDITIONAL DISCHARGE AND ORDERING DEFENDANT REMANDED TO THE CUSTODY OF THE ATTORNEY GENERAL |
| v. | |
| DAVID LOUIS GUIDRY, | |
| Defendant. | |

FINDINGS AND ORDER

The defendant, David Louis Guidry is before this Court on the Amended Petition For Warrant or Summons for Offender Under Supervision, dated August 28, 2017, alleging violations of the conditions of his conditional release pursuant to 18 U.S.C. § 4243. Specifically, the petition alleges that the defendant failed to reside and remain at his preapproved residence (Charge 1); failed to follow the instructions of his probation officer (Charge 2); failed to participate in a regimen of mental health care (Charge 3); and failed to take prescribed medication (Charge 4).

On October 24, 2017, the Court held an evidentiary hearing to determine whether the allegations in the petition were proven. The defendant was present in custody and he was represented by Attorney Krista Hart; the government was represented by Assistant U.S. Attorney Michael D. Anderson. Following argument from the parties, the Court determined that, in the absence of controlling authority or clear statutory language, it would place the burden on the government to establish the charged

violations by clear and convincing evidence. The government introduced testimony from U.S. Probation Officer Ronnie Preap, Bureau of Prisons Licensed Clinical Social Worker Audra McConnell, and House of Hope Ministries Director Katrina Lee. After carefully considering the witnesses' testimony, the exhibits submitted by the parties, and the parties' arguments, the Court found by clear and convincing evidence that the defendant "failed to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment" with respect to Charge 2, Charge 3, and Charge 4. 18 U.S.C. § 4243(g). The Court did not find that the government met its burden with respect to Charge 1. Following this ruling, the Court scheduled a further hearing to determine whether the defendant's "continued release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4243(g).

On February 6, 2018, at the time set for further hearing, the defendant refused to leave his cell and appear in court. Counsel for both parties appeared and the Court rescheduled the matter to February 20, 2018.

The defendant, his counsel, and government counsel appeared before the Court on February 20, 2018. By stipulation, the government introduced a letter addressed to the Court from U.S. Probation Officer Ronnie Preap dated February 15, 2018, that details the defendant's conduct while incarcerated, including acts of unprovoked violence toward other inmates, and the lack of suitable inpatient mental health facilities due to the defendant's behavioral issues. The government also introduced by stipulation government exhibits 9 through 13, which are jail records reporting incidents where the defendant acted violently, refused medication, and expressed homicidal thoughts. As the record will reflect, at the hearing, the Court gave the defendant an opportunity to address the Court at length and the Court had the opportunity to observe the defendant first-hand during this and prior hearings.

Based on the admitted evidence before the Court from the October 24, 2017, and February 20, 2018 hearings, the Court found by clear and convincing evidence, and also by evidence beyond a reasonable doubt, that in light of the defendant's failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another. This finding is further supported by the Court's own observations of the defendant in court, which included observing

[PROPOSED] ORDER REVOKING CONDITIONAL DISCHARGE AND ORDERING DEF. REMANDED

2

increasingly disordered thinking and delusions, as well as decreased self-control, during the proceedings in this case.

Accordingly, pursuant to 18 U.S.C. § 4243(g), IT IS HEREBY ORDERED that the defendant, David Louis Guidry, be remanded to the custody of the Attorney General to be committed to a suitable facility until such time as he is eligble for release pursuant to 18 U.S.C. § 4243(a), (e) & (f).

Dated: 2/22/2018

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE