IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:01-cr-00027-JAM-1 |
| Plaintiff, | ) | **ORDER APPOINTING COUNSEL** |
| v. | ) | |
| DAVID LOUIS GUIDRY, | ) | |
| Defendant. | ) | |

In 1997, defendant, DAVID LOUIS GUIDRY, was found not guilty by reason of insanity and committed to a hospital pursuant to 18 U.S.C. § 4243 in the District of Oregon, Cr. 97-59 RE. In 2000, Mr. Guidry was conditionally released pursuant to 18 U.S.C. § 4243(f)(2), and in 2001, his probation was transferred to this district. In 2002, Mr. Guidry pled guilty to a charge of bank robbery and admitted violating two conditions of his release. ECF 27, 32. He was sentenced to 96 months, his conditional release was revoked, and he was remanded to the attorney general for placement in a suitable facility. ECF 37.

In 2017, this Court granted Mr. Guidry conditional release, but shortly thereafter a petition for violation was filed and, in 2018, this Court ordered his conditional release revoked, and once again remanded him to the custody of the attorney general to be committed to a suitable

facility until such time as he is eligible for release pursuant to 18 U.S.C. § 4243(a), (e) and (f). ECF 79, 80, 82, 105.[1]

The Ninth Circuit has held:

> To effectively insure that an insanity acquittee is afforded his due process right to regular review of his continued confinement and to effectuate a reasonable interpretation of the language of 18 U.S.C. § 4247(h) such acquittee should be afforded counsel for the purpose of filing a motion for a discharge hearing. That can only be accomplished by appointing counsel "to represent the acquittee in all matters connected with the commitment, including the monitoring of the acquittee's mental health, the reading of all reports on the acquittee, and the initiation of any necessary action to protect the acquittee's interests."

*United States v. Budell*, 187 F.3d 1137, 1143 (9th Cir. 1999) (quoting *United States v. LaFromboise*, 836 F.2d 1149, 1152 (8th Cir. 1988)).

Accordingly, and pursuant to 18 U.S.C. § 4247(d) and (h), and 18 U.S.C. § 3006A, this Court appoints Eric Weaver, Attorney at Law, P.O. Box 6294, Albany, California, telephone (510) 524-2355, to represent Mr. Guidry in all matters connected with the commitment, including the monitoring of Mr. Guidry's mental health, the

---

[1] Mr. Guidry appealed, but the Ninth Circuit Court of Appeals (Case No. 18-10088) affirmed the order on April 24, 2019. ECF 128. In the same memorandum, the Ninth Circuit granted the motion of his appointed appellate attorney, Gene Vorobyov, to withdraw as counsel of record.

Shortly before the Ninth Circuit filed its memorandum, on April 4, 2019, Mr. Guidry filed a pro se motion to vacate and/or set aside his civil commitment. ECF 126. This Court denied the motion on September 18, 2019. ECF 141. On September 30, 2019, Mr. Guidry filed a pro se notice of appeal (which appeal has subsquently been docketed as Case No. 19-10337). ECF 142. On October 1, 2019, Mr. Vorobyov filed a motion to withdraw as counsel, explaining that he had been appointed only to handle Ninth Circuit Case No. 18-10088. ECF 145. On October 2, 2019, this Court granted the motion to withdraw. ECF 146.

The pro se motion to vacate and/or set aside the civil commitment alleged (1) this Court denied Mr. Guidry an evidentiary hearing regarding the revocation of his conditional release, and (2) his commitment to a state hospital during his release divested this Court of jurisdiction over him. ECF 126. Because these issues are separate and distinct from the issue of whether Mr. Guidry may be discharged from civil commitment, the filing of a notice of appeal in No. 19-10337 does not divest this court of jurisdiction to appoint counsel pursuant to 18 U.S.C. § 4247. *See United States v. Ortega-Lopez*, 988 F.2d 70, 72 (9th Cir. 1993) (generally, the filing of a notice of appeal divests the district court of its control over those aspects of the case involved in the appeal).

reading of all reports concerning Mr. Guidry, and the initiation of any necessary action to protect Mr. Guidry's interests.

Date: October 22, 2019

/s/ John A. Mendez
HONORABLE JOHN A. MENDEZ
United States District Court Judge