UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:01-cr-00027-JAM |
| Plaintiff, | **ORDER APPOINTING COUNSEL** |
| v. | |
| DAVID LOUIS GUIDRY, | |
| Defendant. | |

In 1997, defendant, DAVID LOUIS GUIDRY, was found not guilty by reason of insanity and committed to a hospital pursuant to 18 U.S.C. § 4243 in the District of Oregon, Cr. 97-59 RE. In 2000, Mr. Guidry was conditionally released pursuant to 18 U.S.C. § 4243(f)(2), and in 2001, his probation was transferred to this district. In 2002, Mr. Guidry pled guilty to a charge of bank robbery and admitted violating two conditions of his release. ECF Nos. 27, 32. He was sentenced to 96 months, his conditional release was revoked, and he was remanded to the attorney general for placement in a suitable facility. ECF No. 37.

In 2017, this Court granted Mr. Guidry conditional release, but shortly thereafter a petition for violation was filed and, in 2018, this Court ordered his conditional release revoked, and once again remanded him to the custody of the attorney general to be committed to a suitable facility until such time as he is eligible for release pursuant to 18 U.S.C. § 4243(a), (e) and (f). ECF 79, 80, 82, 105.[1]

---

[1] Mr. Guidry appealed, but the Ninth Circuit Court of Appeals (Case No. 18-10088) affirmed the order on April 24, 2019. ECF 128. In the same memorandum, the Ninth Circuit granted the

1

The Ninth Circuit has held:

> To effectively insure that an insanity acquittee is afforded his due process right to regular review of his continued confinement and to effectuate a reasonable interpretation of the language of 18 U.S.C. § 4247(h) such acquittee should be afforded counsel for the purpose of filing a motion for a discharge hearing. That can only be accomplished by appointing counsel "to represent the acquittee in all matters connected with the commitment, including the monitoring of the acquittee's mental health, the reading of all reports on the acquittee, and the initiation of any necessary action to protect the acquittee's interests."

*United States v. Budell*, 187 F.3d 1137, 1143 (9th Cir. 1999) (quoting *United States v. LaFromboise*, 836 F.2d 1149, 1152 (8th Cir. 1988)).

On March 6, 2026, previously appointed counsel, Eric Weaver's motion to withdraw was granted.  ECF Nos. 156, 157.  In order to ensure that Mr. Guidry has counsel to fulfill the duties outlined in *Budell*, and pursuant to 18 U.S.C. § 4247(d) and (h), and 18 U.S.C. § 3006A, the Court hereby appoints Kresta Nora Daly, Barth Daly LLP, PO BOX F., Winters, CA 95694, Telephone: 916-440-8600; Email: kdaly@barth-daly.com, to represent Mr. Guidry in all matters connected with the commitment, including the monitoring of Mr. Guidry's mental health, the reading of all reports concerning Mr. Guidry, and the initiation of any necessary action to protect Mr. Guidry's interests.

Dated: March 18, 2026

_____
JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE

---

motion of his appointed appellate attorney, Gene Vorobyov, to withdraw as counsel of record.